IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30948
_____

DARRYL A. CROCKETT,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-1515)
_____

December 28, 1999

Before JOLLY, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The case before us is a federal habeas appeal stemming from Darryl Crockett's thirty-year sentence imposed by the Louisiana state court for aggravated burglary. The district court denied habeas relief, but our court granted Crockett's request for a certificate of appealability ("COA") on the issue of whether his plea of guilty in Case No. 288-151 was rendered involuntary because of an alleged breach of his plea agreement. For the reasons stated herein, we deny Crockett's petition for federal habeas relief.

I

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A Louisiana jury found Crockett guilty of aggravated burglary in Case No. 288-383 on April 27, 1982. He was sentenced to 30 years under Louisiana's habitual offender statute. See La.Rev.Stat.Ann. § 15:529.1 (West 1982). On the same day as his conviction in Case No. 288-383, he pled guilty to a second count of aggravated burglary (Case No. 288-151) based on a deal he had with prosecutors that he would be sentenced to twenty years' imprisonment instead of the maximum thirty years. Immediately after his plea and sentencing in Case No. 288-151, Crockett was adjudicated a habitual felony offender and resentenced to a thirty-year term instead.[1] On May 12, 1986, the Louisiana Fourth Circuit Court of Appeals affirmed the judgment and sentence.

Crockett's original petition for federal habeas relief raised thirteen claims for relief. The district court denied this petition. The issue on which our court granted his request for a COA is: "Whether petitioner's guilty plea was rendered involuntary by the prosecutor's breach of the plea agreement." The district court dismissed this claim for two reasons:

(1) It was procedurally barred because it was time-barred under Louisiana law.[2]

---

[1]This sentence was imposed to run concurrently with Crockett's thirty-year sentence imposed in Case No. 288-383. Consequently, a ruling in Crockett's favor in this appeal may have no effect on the net amount of time he will serve, as a result of his conviction and sentence in Case No. 288-383.

[2]We note that the district court's decision to raise procedural default sua sponte was appropriate under Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998). An opportunity to

2

(2) The plea was made knowingly and voluntarily, as demonstrated by the failure of Crockett and his lawyer to object to the longer sentence.

Finding that this claim is procedurally barred, we affirm the district court.

## II

We begin our analysis by noting that Crockett's claim was never raised in state court; in short, his state habeas remedies have not been exhausted on this claim. By the time it was raised for the first time in federal court, the doors of the state court had been closed to the claim. Article 930.8 of the Louisiana Code of Criminal Procedure states:

> No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
> (1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.
> (2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.
> (3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 1991.
> (4) The person asserting the claim has been sentenced to death.

respond was not necessary because no reasonable response exists.

3

La. Code Crim. Proc. Ann. art. 930.8 (West 1999)(emphasis added). Crockett's conviction and sentence became final under article 922 of the Louisiana Code of Criminal Procedure in 1986 after a Louisiana appellate court affirmed them. As a result, this claim is not simply unexhausted, but cannot be addressed by Louisiana courts because of the state law that bars raising a thirteen-year-old habeas claim.

A limit on the scope of federal habeas review is the doctrine of procedural default. Here, the procedural default arises because the petitioner failed to exhaust available state habeas remedies and "the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claims procedurally barred." Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997).

Procedural default may be excused upon a showing of cause and prejudice or that application of the doctrine will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 748-50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). But Crockett has not attempted to, nor could he, make a showing of cause and prejudice for failing to raise this issue until eleven years after his sentence became final. He was represented at the time of sentencing and on appeal in state court and has had opportunities to raise this claim previously. Furthermore, the ten-year increase in sentence is not a fundamental miscarriage of justice. A "fundamental miscarriage" implies that a constitutional violation

4

probably caused the conviction of an innocent person.  <u>McCleskey v. Zant</u>, 499 U.S. 467, 502, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).  Crockett makes no such claim here.

III

For the reasons stated herein, the district court's judgment denying federal habeas relief is

A F F I R M E D.